IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 05-cv-00985-WDM-MJW

CHARLES JEFFREY MCMILLIAN,

    Applicant,

v.

TONY CAROCHI, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

**ORDER ON MAGISTRATE'S RECOMMENDATION DATED MARCH 24, 2008**
_____

    This matter comes before me on the Recommendation (Dkt. # 42) of Magistrate Judge Michael J. Watanabe, filed March 24, 2008, in which he recommended dismissal of Applicant's *pro se* habeas corpus petition. Applicant timely filed his objection to the Recommendation on April 8, 2008 (Dkt. # 43). Applicant also filed a Motion for Status (Dkt. # 45), requesting a ruling on the recommendation. The matter is ripe for determination.

Background

    Applicant's habeas petition challenges his judgment of conviction entered in the District Court of Arapahoe County in November 1993 following his entry of a guilty plea to charges of second degree murder, conspiracy to commit first degree murder, retaliation against a witness and aggravated motor vehicle theft. Applicant was sentenced to sixty-four years in the custody of the Colorado Department of Corrections.

    The subsequent history of Applicant's case, accurately set forth in the Magistrate

Judge's Recommendation, reflects that Applicant sought to withdraw his guilty plea shortly before imposition of sentence by means of a motion pursuant to Colo. Cr. R. 32(d), arguing that the court had failed to take into account Applicant's seriously impaired mental condition in considering the voluntariness of his plea. The trial court denied the motion and that ruling was upheld by the Colorado Court of Appeals in *People v. McMillian,* No. 94 CA 1855 (Nov. 14, 1996).

Thereafter, on May 29, 1997, Applicant filed a motion under Colo. Cr. R. 35(c), arguing that he was denied effective assistance of counsel at the time he entered his plea because his lawyers failed to raise the affirmative defense of impaired mental capacity (Appendix I to Answer to Application) (Dkt. # 33). Following an evidentiary hearing, in which Applicant argued the impaired condition resulted from head injuries sustained in a 1990 automobile accident, the trial court denied the motion. That ruling was upheld by the Colorado Court of Appeals in *People v. McMillian,* No. 98 CA 985 (April 15, 1999). Appendix N to Answer to Application (Dkt. # 33).

On April 22, 1999, in a timely filed petition for rehearing, Applicant argued that the appellate court erroneously overlooked or declined to consider that Applicant was also impaired by the drug Halcion at the time of the guilty plea in November 1993, and should have granted his motion to remand the case for a further evidentiary hearing (*See* Appendix O to Answer to Application (Dkt. # 33) at 15). Based on the record before me, it appears that this was the first occasion when Applicant raised this issue. The Colorado Court of Appeals apparently denied the petition for rehearing, and the Colorado Supreme Court denied a writ of *certiorari* on September 27, 1999.

In April 2000, Applicant filed a *pro se* motion for an evidentiary hearing,

2

asserting:

> newly discovered medical records show the evidence of prescribed Halcion at the plea-agreement hearing. Thus, there exist evidence of material facts to show "impaired mental conditions", not therefore presented and heard in this case, which, by the exercise of reasonable diligence, was not known or learned by the defendant's attorneys prior to the submission of the medical records [on] October 28, 1998, and which requires an evidentiary hearing in the interest of justice.

Appendix T to Answer to Application (Dkt. # 33) at 3.

On August 27, 2003, the trial court, treating the motion as one filed under Rule 35 (c), denied the motion on the grounds that it was time barred by C.R.S. § 16-5-402 and as a successive motion for similar relief based on the same or similar allegations as Applicant had previously raised (See Appendix U to Answer to Application (Dkt. # 33)). The Colorado Court of Appeals affirmed that ruling in *People v. McMillian,* No. 03 CA 1961 (December 23, 2004) (Appendix Y to Answer to Application (Dkt. # 33)). Applicant's petition for writ of *certiorari* was denied on April 25, 2005. Applicant timely filed his habeas petition in this Court on May 25, 2005 (Dkt. # 3).

<u>The Recommendation and Applicant's Objection</u>

The Magistrate Judge correctly characterized Applicant's petition as asserting three claims for relief. He found that all of Applicant's Third Claim for Relief, which asserts a denial of equal protection compared to treatment of other defendants who alleged Halcion impairment, was not raised in his proceedings before the state courts, and therefore Applicant has not satisfied the requirement that he exhaust his state remedies. The Magistrate Judge found that no exception to the exhaustion rule applies here.

Applicant's objection does not specifically address the Magistrate Judge's finding

that he failed to exhaust his Third Claim for Relief, nor does it otherwise argue that he was denied equal protection. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), Fed. R. Civ. P., I do not review this claim *de novo*.

The Magistrate Judge also found that Applicant failed to exhaust four of the five enumerated parts of his Second Claim for Relief, each of which assert ineffective assistance of counsel in various state court proceedings, by having not timely raised them in state court. The Recommendation describes these unexhausted claims as an assertion that Applicant was on Halcion at the time of the murder, that plea counsel were ineffective because they did not advise him of or investigate potential Halcion defenses prior to his plea and did not present all mitigating evidence at his sentencing hearing, that appointed counsel who assisted him with his motion to withdraw his plea was ineffective because he did not advise him of or raise potential Halcion defenses and did not argue that Applicant was under the influence of Halcion when the plea was entered, that counsel appointed to represent him in the appeal of the ruling on the 32(d) motion was ineffective by failing to argue that petitioner was under the influence of Halcion at the time the crime, at the time of his plea, and at the time of his motion to withdraw the plea (Recommendation at 21-22).

I understand the Recommendation to be referring to parts I, III, IV and V of the Second Claim for Relief. The Magistrate Judge found that no exception to the exhaustion rule applies here. It is uncertain that Applicant's objection specifically addresses this part of the Recommendation, but given Applicant's *pro se* status, I will review this part of the Recommendation on a *de novo* basis pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), Fed. R. Civ. P.

4

The Magistrate Judge further found that Applicant's First Claim for Relief (that his guilty plea was involuntary because he was under the influence of Halcion) and part II of his Second Claim for Relief (that his plea counsel were ineffective for allowing him to enter a guilty plea while under the influence of Halcion) were raised in Applicant's April 2000 post-conviction motion, as referenced above. The state trial court's denial of those claims was appealed to the Colorado Court of Appeals and the Colorado Supreme Court, and therefore, the Magistrate Judge found, those claims have been exhausted.

The Magistrate Judge nonetheless found that these two exhausted claims were defaulted in state court on an independent and adequate state procedural ground, namely, that they were not timely raised in the state court proceedings. The Colorado Court of Appeals affirmed the decision that they were barred from substantive consideration by the effect of C.R.S. § 16-5-402 (Recommendation at 19). Thus, the Magistrate Judge concluded that review of these claims was limited under the authority of *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007), which holds that "[g]enerally speaking, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." (Citation and internal punctuation omitted).

The Magistrate Judge further states that for the federal court to review the merits of claims that have been procedurally defaulted in state court, petitioner must show either (1) both cause for the default and prejudice therefrom or (2) a fundamental miscarriage of justice such as a colorable showing of factual innocence, citing to

5

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991). The Magistrate Judge found that neither of these showings were made here, and therefore he declined to review the claims on their merits. Applicant's objection appears to address the portion of the Recommendation as to the exhausted claims, so I review this portion *de novo*.

Discussion

The Magistrate Judge found that Applicant "never raised in state court" his claim that his right to equal protection was violated because other defendants have successfully used Halcion defenses (Recommendation at 21-22). Applicant's objection cites no place in the state court record indicating that such argument was ever raised by him in his state court proceedings. I have found no such argument made in the portions of the state court record provided to me. Accordingly, I find no clear error in the Magistrate Judge's finding, and I hold that Applicant's Third Claim for Relief by way of habeas corpus must be dismissed on the basis of failure to exhaust his state remedies.

Similarly, with respect to the four parts of the Second Claim for Relief referenced above, I find no place in the state court record reflecting that Applicant argued ineffective assistance of counsel with respect to his asserted impairment from Halcion, although as indicated below Applicant should have raised such arguments. While Applicant's Rule 35(c) motion filed in 1997, and his appeal from the denial of that motion argued ineffective assistance of counsel for failing to raise a defense of impaired mental capacity, there is no indication that Applicant claimed the impairment resulted from Halcion. Indeed, when Applicant filed his *pro se* motion on April in 2007 seeking an evidentiary hearing, he asserted that the "newly discovered medical evidence" regarding his Halcion use was not known or learned by his attorneys prior to the submission of the

6

medical records [on] October 28, 1998 (Appendix T to Answer to Application (Dkt. # 33) at 3). Applicant's objection cites no place in the state court record indicating that such argument was ever raised by him in his prior state court proceedings. Accordingly, I find that Applicant's Second Claim for Relief, to the extent it seeks a writ of habeas corpus due to the asserted ineffective assistance of counsel under the four parts of the claim set forth above, must be dismissed on the basis of failure to exhaust his state remedies.

As to the First Claim for Relief, and part II of the Second Claim for Relief, I agree with the Magistrate Judge that these claims were raised in state court, but were defaulted in state court on independent and adequate state grounds (Recommendation at 19). The trial court found, and the Colorado Court of Appeals agreed, that Applicant's *pro se* Rule 35(c) motion, filed in April 2000, claiming that his plea was involuntary because of the Halcion, and that his counsel were ineffective because they allowed him to plead guilty while on Halcion, were time barred by C.R.S. § 16-5-402, as they were not filed within three years of the conviction,[1] and as successive motions for similar relief.

Citing to *Turman v. Buckallew,* 784 P.2d 774 (Colo. 1989), the Court of Appeals held that "[i]n the absence of special circumstances, a trial court need not entertain successive motions for similar relief based on the same or similar allegations of the same prisoner." Appendix T to Answer to Application (Dkt. # 33) at 2. To be sure, in *Turman, supra*, the Colorado Supreme Court ruled that "[c]ase law and Crim. P. 35(c)

---

[1] Although not expressly stated in the decision of the Court of Appeals, the offenses to which Applicant pled guilty are class 2 offenses for purposes of applying C.R.S. § 16-5-402.

7

make it clear that a court should not entertain repetitive motions for post-conviction relief. . . . [w]here a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied." 784 P.2d at 780 (citation omitted).

It is not the function of this Court in reviewing a habeas petition to second guess the rulings of the state court. For this Court to review the merits of Applicants two claims, he must show, as the Magistrate Judge correctly states, either (1) both cause for the default and prejudice therefrom or (2) a fundamental miscarriage of justice such as a colorable showing of factual innocence, citing to *Coleman v. Thompson*, 501 U.S. 722, 749 (1991).

Applicant apparently seeks to show cause for the default by asserting in his objection that his claim that he was on Halcion at the time of his guilty plea should have been raised by his counsel, Mr. Kintzele, in his second appeal, and that he told his counsel "at the meeting in Limon Correctional Facility in 1995" of the involuntary intoxication from Halcion, but counsel performed ineffectively by failing to raise the issue in the appeal (Applicant's Objection at 5). Applicant's argument fails for several reasons. First, his assertion here that he told Mr. Kintzele in 1995 about his being under the influence of Halcion is contradicted by his own statement in his May 2000 *pro se* motion (Appendix T to Answer to Application (Dkt. # 33), where he states that the use of Halcion was not known to counsel until October 28, 1998. Second, Mr. Kintzele did file a petition for rehearing in April 1999, arguing the effect of Halcion, but that was denied by the Court of Appeals. Third, if the facts were as Applicant now contends, and

8

Mr. Kintzele's failure to raise the effect of the Halcion was ineffective assistance of counsel, Applicant should have made that argument in state court, and not waited to raise it for the first time in his Second Claim for Relief in this case.

Moreover, in order to demonstrate cause and show actual prejudice, a plaintiff must show that his claims were impeded at earlier stages by some objective factor; not by what a particular attorney or the *pro se* plaintiff actually knew, but whether the claim was "reasonably available" upon diligent inquiry. *Navarro v. Leyba*, Civil Action No. 05-cv-02613-WDM-MEH, 2007 WL 2908832, *7 (D. Colo. Oct. 4, 2007), quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94, 496 (1991). Applicant here has made no showing that the claim that he was on Halcion at the time of his guilty plea, or that his counsel failed to raise such claim, was not reasonably available to him upon "diligent inquiry." Accordingly, I find that Applicant has failed to show cause for his failure to timely raise in the state proceedings the claims he now makes in his First Claim for Relief and part II of his Second Claim.

To demonstrate a fundamental miscarriage of justice, Applicant must demonstrate that a constitutional error has probably resulted in the conviction of one who is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). The Magistrate Judge found that Applicant had made no such showing, and noted that the Colorado Court of Appeals, in affirming the denial of Applicant's first Rule 35(c) motion (Appendix N to Answer to Application (Dkt. # 33)), commented that the evidence against Applicant was "overwhelming." Recommendation at 21.

I note that the Colorado Court of Appeals also summarized the "substantial evidence of guilt against" Applicant, commenting that the Applicant's accomplice

implicated him as a full participant in the murder of the victim, several other witnesses corroborated the accomplice's version as did physical evidence, including records confirming that the car used in the crime had been rented by Applicant, and that Applicant had made statements to the police confessing his participation in the murder and cover up (Appendix N to Answer to Application (Dkt. # 33) at 5-6). In his objection, Applicant asserts that the referenced accomplice statement should not be believed, that there are not "several witnesses," and that there is no physical evidence, although he admits that he rented the car used in the crime, but now asserts the car was taken from him at gunpoint (Applicant's Objection at 6). Other than these few statements, I find no argument in the objection, or any reference to admissible evidence, indicating actual innocence.

In *Schlup v. Delo*, 513 U.S. 298, 324, (1995), the Supreme Court counseled that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321. The threshold inquiry requires the habeas petitioner to produce "new evidence," not presented at trial. *House v. Bell*, 547 U.S. 518, 537 (2006). Although the instant case did not involve a trial, the threshold inquiry to produce new evidence remains.

I find that Applicant has not produced evidence to show his actual innocence and therefore has failed to show that denial of a review of his claims results in a fundamental miscarriage of justice.

Accordingly, it is ordered:

1. Magistrate Judge Watanabe's Recommendation (Dkt. # 42) is accepted and Applicant's Objection (Dkt. # 43) is overruled.

2. Applicant's habeas corpus petition is dismissed with prejudice.

3. Applicant's Motion for Status (Dkt. # 45) is denied.

DATED at Denver, Colorado, on July 24, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge